**HONDA RESEARCH AND DEVELOPMENT CO., LTD., Plaintiff,**

v.

**John Howard LOVEALL, et al., Defendants.**

Civ. 3–85–1161.

United States District Court, E.D. Tennessee, N.D.

Dec. 6, 1985.

On Motion for Summary Judgment April 1, 1987.

Linda J. Hamilton, Charles B. Lewis, Morton, Lewis, King & Krieg, Knoxville, Tenn., for plaintiff.

Sidney W. Gilreath, Frances Ansley, Gilreath & Associates, Knoxville, Tenn., for defendants.

## MEMORANDUM

JARVIS, District Judge.

Plaintiff, Honda Research and Development Co., Ltd., ["Honda R & D"] seeks injunctive relief against John Howard Loveall ["Loveall"] and his attorneys, Sidney W. Gilreath, Frances Ansley and Robert Keeton, who are involved in civil litigation presently pending between Loveall and American Honda Motor Company, Inc., and Honda Motor Company, Ltd. in Knox County Circuit Court, Docket No. 1–836–81, set for trial on December 9, 1985. In particular, Honda R & D is requesting that this Court restrain and enjoin defendants, their agents, servants, employees, etc., from placing in any record open to public review certain copyrighted "AO Documents" provided to defendants pursuant to discovery in the state court proceeding.

This issue has already been the subject of considerable litigation. The information requested in discovery in the state court proceeding was the property of Honda R & D, which is not a party in that litigation. Nevertheless, discovery of this information was ordered by the Circuit Court over objection of American Honda Motor Company, Inc. and Honda Motor Company, Ltd. This information, which the parties refer to as the "AO Documents" was provided to Loveall and his attorneys under an interim protective order issued by the Circuit Court; the Circuit Court denied a request by the defendants in that action for a permanent protective order. Interlocutory appeal was taken as to the denial of a permanent protective order, and the Tennessee Supreme Court held that the information was a trade secret and that a protective order should enter to preclude dissemination of this information during discovery. However, the Tennessee Supreme Court also held that the protective order would not cover any evidence introduced at the

trial and included in the trial record significantly. The question of protecting the rights of Honda R & D pursuant to federal copyright laws was not before the Tennessee Supreme Court.

The defendants in the state court action then filed a motion in limine to exclude this evidence introduced at the trial to prevent its being copied *in toto* in the public record. Judge Chester Mahood overruled defendants' motion in limine, and Honda R & D, a wholly owned subsidiary of one of the defendants in the state court proceeding, then filed this action seeking injunctive relief pursuant to federal copyright laws, 17 U.S.C. § 101, *et seq.*

This Court has jurisdiction over injunctive actions to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). Moreover, this Court has jurisdiction exclusive of state courts in civil actions arising under any act of Congress relating to copyrights. 28 U.S.C. § 1338(a). Thus, even though this Court is very reluctant to become embroiled in this state court proceeding, it is, nevertheless, compelled to do so.

■ In order to grant or withhold preliminary injunctive relief, four factors must be considered:

(1) The significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

(2) The state of the balance between this harm and injury that granting the injunction would inflict upon the defendants;

(3) The probability that the plaintiff will succeed upon the merits; and

(4) The public interest.

*Division 1212, Amalgamated Transit Union v. Chattanooga Area Regional Transportation Authority,* 483 F.Supp. 37 (E.D. Tenn.1979).

■ In the instant case, the Court is of the opinion that there will be irreparable harm to the plaintiff if the injunctive relief is not granted. Plaintiff has represented that the information contained in the "AO Documents" would be extremely useful to competitors. In fact, at the time the doc-

uments were presented to the U.S. Register of Copyrights pursuant to 17 U.S.C. § 104(a), request for special relief from the deposit requirement was made because these documents contain trade secrets. *See,* 37 C.F.R. § 202.20(d). Special relief was granted pursuant to the procedure used for "secure tests", and Honda R & D was relieved from the deposit requirement of placing the entire document in the public record maintained in the Library of Congress by the Register of Copyrights. Pursuant to this special relief, only a limited portion of the document was required to be filed on deposit along with the identifying material detailing the contents of the entire document. Thus, complete copies of these "AO Documents" are nowhere to be found in any public record. If, however, this Court denies plaintiff's request for injunctive relief, then these documents will be in the public record for review by plaintiff's competitors. Unquestionably, the harm will be irreparable.

This Court must next balance between this harm to the plaintiff and the injury that granting the injunction would inflict upon defendants. Having already found that the harm to plaintiff is irreparable, this Court now finds that there is no injury to defendants. All parties will be able to utilize these documents in their entirety during trial, including introducing them into evidence, for the benefit of the Court and jury. The relief that plaintiff seeks is simply to prevent the inclusion of these "AO Documents" in their entirety in the public record. Thus, defendants will not be hampered in trial if this Court grants the injunctive relief plaintiff seeks. Even if it is determined at a later date that these documents should be unsealed after the trial of the state court action, defendants will have been prejudiced in no way during the trial.

Additionally, this Court is of the opinion that plaintiff does have a reasonable likelihood of succeeding on the merits at the time this Court conducts a hearing as to whether or not this preliminary injunction should be made permanent. This Court need only point out that the Tennessee Supreme Court found that this information was a trade secret and was not convinced by defendants' arguments to the contrary in that proceeding. That Court, therefore, protected Honda R & D's interests in the documents in question up until the time of trial. However, this Court does have some question presently as to the extent this plaintiff is protected by federal copyright law, but this can be addressed at a later date after these parties and the Court have more time to research and analyze the applicable law.

Finally, this Court finds that the public has no interest in these documents since the information contained therein is not even available to the public in the Library of Congress maintained by the Register of Copyrights. The defendants candidly admit that the primary reason they are interested in copying plaintiff's protected information is that they can disseminate it to other plaintiff attorneys who might have similar cases. Of course, other plaintiffs would have the same discovery rights to this information as defendants have had in their role as plaintiffs in the state personal injury action.

In conclusion, this Court is convinced that this asserted federal right can only be preserved by the granting of the extraordinary relief of a preliminary injunction. In making this determination, this Court has considered the fact that plaintiff has fully pursued its rights through the state courts before seeking the assistance of federal court, since this Court wants to avoid "needless friction" with state courts. *Cf., Alabama Public Service Commission v. Southern Railway Company,* 341 U.S. 341, 350, 71 S.Ct. 762, 768, 95 L.Ed. 1002 (1951).

Order accordingly.

### ORDER

For the reasons set forth in the Memorandum Opinion this day passed to the Clerk for filing, it is hereby ORDERED that the motion [Doc. 2] be, and the same hereby is, GRANTED whereby the defendants, their agents, servants, employees, attorneys and all persons in active concert

and participation with them are ORDERED to restrain from releasing for publication and/or inclusion in the public record copyrighted "AO Documents" received by the defendants in the context of civil litigation presently pending between American Honda Motor Company, Inc. and Honda Motor Company, Ltd. and John Howard Loveall in Knox County Circuit Court, Docket No. 1–836–81, except to the extent that such documents are already in the public record of the U.S. Register of Copyrights unless and until this Court further orders; however, nothing in this Order shall preclude the introduction of these documents into evidence or the identification of these documents during the trial of the said Knox County Circuit Court matter by those parties.

It is further ORDERED that this preliminary injunction continue in full force and effect until a date for the hearing of this matter is set as to whether or not the preliminary injunction should be made permanent; this hearing will be set at the convenience of the Court and the parties herein.

It is finally ORDERED that no security for costs and damages is necessary under the facts of this case.

### ON MOTION FOR SUMMARY JUDGMENT

In this action, Honda Research & Development Company, Ltd. ["Honda R & D"], seeks permanent injunctive relief pursuant to federal copyright laws, 17 U.S.C. §§ 101, *et seq.* [the "Act"]. In particular, Honda R & D seeks this relief against John Howard Loveall ["Loveall"] and his attorneys, Sidney W. Gilreath, Frances Ansley and Robert Keeton, who were involved in civil litigation between Loveall and American Honda Motor Company, Inc. and Honda Motor Company, Ltd. [hereinafter collectively referred to as "Honda Motors"] in Knox County Circuit Court, Docket No. 1–836–81.* Honda R & D filed the instant case prior to the trial in state court requesting

that defendants, their agents, servants, employees, etc., be preliminarily and permanently restrained and enjoined from placing in any record open to public review certain copyrighted "AO documents" provided to defendants pursuant to discovery in the state court proceeding. A hearing was held in this Court on December 5, 1985, on Honda R & D's motion for a preliminary injunction, which was granted by a Memorandum and Order [Docs. 4, 5] on December 6, 1985. This matter is presently before the Court on plaintiff's motion for summary judgment, in which plaintiff alleges that there are no genuine issues of material fact so that this Court can now issue a permanent injunction as a matter of law. Defendants have responded by filing an affidavit.

It is not necessary to recapitulate any other background information to this case since it is set forth sufficiently in this Court's earlier Memorandum [*see* Doc. 4, pp. 1–2]. Moreover, the only additional evidence which has been filed since entry of the preliminary injunction is the affidavit of Mark Ezra ["Ezra"], a consulting mechanical engineer. [Doc. 14, attachment]. However, this evidence does not disturb the Court's earlier findings of fact and conclusions of law [*see* Doc. 4, pp. 3–6]. Defendants seek to prevent the Court from converting the preliminary injunction to a permanent injunction based solely on Ezra's affidavit.

Ezra's affidavit attempts to create a genuine issue of material fact as to whether or not the "AO documents" involve trade secret information and contain highly confidential information. Ezra concludes in his affidavit that certain portions of the "AO documents" do not contain any "unique methods of measurement, testing apparatus or calculations" and that the information contained therein "would not seriously injure Honda's competitive position." [Doc. 14, Attachment at p. 5]. Assuming, *arguendo*, that Ezra is accepted by the Court as an expert in the area of mechani-

---

* The Court has been advised by the parties herein that this matter was tried before a jury on December 9, 1985, and the jury found in favor of defendants. No appeal was taken from that verdict.

cal engineering, the Court is, nevertheless, of the opinion that his affidavit does not *per se* create a genuine issue of material fact. To the contrary, Ezra does not even testify that a disclosure of the information in question would not injure plaintiff, but rather that it would not "seriously" injure plaintiff.

■ The Court recognizes that summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, "should be granted only in the exercise of great restraint." *Wahl v. Vibranetics, Inc.*, 474 F.2d 971, 976 (6th Cir.1973). Moreover, courts are not disposed to grant summary judgment in copyright cases. *See Milene Music, Inc. v. Gotauco*, 551 F.Supp. 1288, 1294. (D.R. I.1982). However, summary judgment is proper where a trial would serve no useful purpose. *Wahl*, 474 F.2d at 976. In the instant case, the Court is hard-pressed to comprehend what useful purpose would be served by a trial.

■ Because the state court litigation has been concluded, the only reason that this action is presently pending is due to the fact that Loveall's attorneys wish to disseminate these documents to other attorneys throughout the country who are or might be representing clients as plaintiffs in similar litigation against Honda Motors regarding defects in certain all-terrain vehicles; therefore, these defendants wish to prevent the entry of a permanent injunction which would prevent them from doing so. However, on the present record, defendants have simply failed to raise a genuine issue of material fact—even Ezra's affidavit refuses to go so far as to state that plaintiff will not be injured. Thus, for the reasons set forth in the earlier Memorandum and for the following reasons, this Court must grant plaintiff's motion for summary judgment.

In the instant case, plaintiff has established certain facts by the verified complaint which have not been disputed. Plaintiff has established that it is the owner/author of certain copyrighted documents, *i.e.*, "AO documents". The Act states that the owner of a copyright has the exclusive right to do and to authorize certain enumerated acts, including the right to reproduce the copyrighted work in copies, to prepare derivative works, and to distribute copies of the copyrighted work to the public. *See* 17 U.S.C. § 106. Moreover, the owner of a copyright has the " 'right to control the first public distribution' of his work." *Harper & Row Publishers v. Nation Enterprises*, 471 U.S. 539, 105 S.Ct. 2218, 2228, 85 L.Ed.2d 588 (1985). More importantly, the right of first publication also "encompasses ... the choice whether to publish at all ..." *Id.*, 105 S.Ct. at 2233.

Plaintiff, as the owner/author of the "AO documents" in the case *sub judice*, chooses not to allow these previously unpublished documents to be published or copied. Ezra's affidavit standing alone does not, in the Court's opinion, create any issues for trial. Therefore, the Court finds that there is no genuine issue of any material fact and the Court will issue a permanent injunction as requested by plaintiff.

Order accordingly.

## ORDER

For the reasons set forth in both the Memorandum Opinion this day passed to the Clerk for filing, and in the Memorandum Opinion [Doc. 4] entered on December 6, 1985, it is hereby ORDERED that plaintiff's motion [Doc. 13] be, and the same hereby is, GRANTED whereby summary judgment is ENTERED in favor of plaintiff so that defendants, their agents, servants, employees, attorneys and all persons in active concert and participation with them, are permanently ENJOINED and RESTRAINED from releasing for publication and/or inclusion in the public record any and all copyrighted "AO documents" received by defendants in the context of civil litigation which was pending between American Honda Motor Company, Inc., and Honda Motor Company, Ltd., and John Howard Loveall in Knox County Circuit Court, Docket No. 1–836–81, and set for trial on December 9, 1985, except to the extent that such documents are already in

the public record of the U.S. Register of Copyrights. Rule 56, Fed.R.Civ.P.